Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE CARTER, | : |
|                 Petitioner, | : Civil Action No. 17-3112 (ES) |
| v. | : MEMORANDUM OPINION |
| PATRICK NOGAN, | : |
|                 Respondent. | : |

**SALAS, DISTRICT JUDGE**

IT APPEARING THAT:

1. This matter is before the Court upon the submission of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by Petitioner Lawrence Carter ("Petitioner"). (D.E. No. 1, Petition ("Petition")).

2. In his Petition challenging his 2014 state court conviction for several counts of aggravated assault, Petitioner raises two grounds for relief:

> Petitioner was deprived of his Sixth Amendment constitutional right to effective assistance of counsel during plea negotiations for providing Petitioner bad advice that New Jersey did not have a self-defense law causing Petitioner to forfeit his defense.
>
> Petitioner was denied effective assistance of appellate counsel when counsel failed to advance his argument to withdraw his guilty plea prior to trial due to his counsel's misadvice on an option to pursue self-defense.

*Id.* at 6-7 (reproduced verbatim).

3. Petitioner concedes that neither of these grounds have been presented to the state courts. (Petition ¶ 13(b)). When he filed his Petition, Petitioner requested a stay so he could

exhaust these two issues. (D.E. No. 1-3). Petitioner stated that his appellate attorney had failed to file a petition for certification to the New Jersey Supreme Court on direct appeal, and though he had filed a petition for post-conviction relief ("PCR") on April 28, 2017, Petitioner did not believe it would toll his federal habeas limitations period. (*Id.*).

4. The Court ordered Respondent to address Petitioner's request for a stay. (D.E. No. 2). In response, Respondent stated that Petitioner was mistaken regarding several key facts. (D.E. No. 5). First, appellate counsel did file a petition for certification to the New Jersey Supreme Court on direct appeal, which was denied on January 20, 2017. *See State v. Carter*, 158 A.3d 577 (N.J. 2017). As a result, Petitioner's conviction did not become final until ninety days later, on April 20, 2017. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Petitioner's limitations period ran for eight days before it was tolled when Petitioner filed his PCR petition on April 28, 2017. His limitations period would have remained statutorily tolled during the duration of his PCR proceedings before the state courts. *See* 28 U.S.C. § 2244(d)(2). Therefore, when he filed his habeas Petition on May 1, 2017, only eight days had elapsed from his limitations period.

5. On October 24, 2017, through a letter from his PCR counsel, Petitioner withdrew his PCR petition. (D.E. No. 5, Respondent's Opposition, Ex. Ra3, Ra4).

6. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). The petitioner must afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* (quoting *Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir. 1976)); *see also Gould v. Ricci*, No. 10-1399, 2011 WL 6756920, at *2 (D.N.J. Dec. 19, 2011) (explaining same). The exhaustion doctrine, therefore, requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts—that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan*, 526 U.S. at 838; *Rose v. Lundy*, 455 U.S. 509 (1982).

7. In *Rhines v. Weber*, the Supreme Court held that a district court has the authority to stay a mixed § 2254 petition when a stay would be compatible with AEDPA purposes, and that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." 544 U.S. 269, 276, 278 (2005); *see also Heleva v. Brooks*, 581 F.3d 187 (3d

3

Cir. 2009) (holding that stay-and-abeyance under *Rhines* standard also applies to a request to stay a § 2254 petition which contains only unexhausted claims). The *Rhines* Court explained:

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under [*Rose v. Lundy*, 455 U.S. 509 (1982)] after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1–year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

*Rhines*, 544 U.S. at 275; *see also Floyd v. Ricci*, No. 09-5338, 2010 WL 2836611, at *2 (D.N.J. July 8, 2010) (explaining same).

8. Here, the Court will deny Petitioner's request for a stay and dismiss the Petition as unexhausted. At the outset, it does not appear that the statute of limitations period is a concern as Petitioner still has several months left on his one-year limitations period. More importantly, Petitioner cannot establish good cause under *Rhines* for his failure to exhaust. He had a PCR petition pending before the state courts to review the two claims raised in the instant habeas Petition, but he then withdrew the PCR petition. At that juncture, many months after he had filed his habeas Petition and motion for a stay before this Court, he was clearly aware of the exhaustion requirement if he wished to pursue his claims in federal court. Despite his awareness of the exhaustion requirement, he nevertheless withdrew his PCR petition. As such, Petitioner is not entitled to a stay and his Petition must be dismissed without prejudice as unexhausted. *See Ellison v. Rogers*, 484 F.3d 658, 662 (3d Cir. 2007). However, based on his *pro se* status, the Court will retain jurisdiction for 30 days and allow Petitioner to show cause why it should not be dismissed.

9. AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). In *Slack v. McDaniel*, the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as unexhausted is correct.

    10. An appropriate order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**